**Vladimir Nikolayevich KHATIN; et al., Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–73113.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.[*]

Decided Nov. 19, 2004.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Vladimir Nikolayevich Khatin, Las Vegas, NV, pro se.

Anna Valeryevna Petrachenkova, Las Vegas, NV, pro se.

Timofey Vladimirovich Khatin, Las Vegas, NV, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, Oil, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

** This disposition is not appropriate for publication and may not be cited to or by the

Before: LEAVY, MCKEOWN and BERZON, Circuit Judges.

## MEMORANDUM **

Lead petitioner Vladimir Nikolayevich Khatin, his wife Anna Valeryevna Petrachenkova and their minor son Timofey Vladimirovich Khatin (the "Khatins"), all natives of Russia, petition for review of a decision of the Board of Immigration Appeals ("BIA") affirming the denial by an immigration judge of their applications for asylum and withholding of removal. The Khatins also seek relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's denial of relief on eligibility grounds. *See Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003). We deny in part and dismiss in part the petition for review.

Eligibility for asylum requires "persecution or a well-founded fear of persecution *on account of* race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (emphasis added); *see also INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Withholding of removal also requires a threat to life or freedom "because of ... race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3); *see also Al–Harbi v. INS,* 242 F.3d 882, 888 (9th Cir. 2001). The Khatins testified that local police repeatedly threatened them with violence and false prosecution to induce them to pay bribes, because of their perceived wealth as international ice skaters. The record does not compel the conclusion that the extortionists, who eventually evicted the Khatins, were motivated, even in part,

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

by either the Khatins' membership in a particular social group or a political opinion imputed to the Khatins.

The record also does not support the Khatins' contention that the BIA violated their right to due process by not sufficiently reviewing their case. The BIA opinion reflects that the BIA gave individualized consideration to the Khatin's case, made findings regarding the sufficiency of the evidence presented, and agreed with the IJ's ultimate conclusion. *See Alaelua v. INS,* 45 F.3d 1379, 1382 (9th Cir.1995) (BIA adoption of IJ's reasons is sufficient where BIA gave individualized consideration to the case but chose to use IJ's words).

We lack jurisdiction to consider the Khatins' claim under the CAT because they failed to raise the claim on appeal to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Ortiz v. INS,* 179 F.3d 1148, 1152–53 (9th Cir. 1999).

**PETITION FOR REVIEW DENIED in part, DISMISSED in part.**